RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1760-15T3

K.R.,

 Plaintiff-Appellant,

v.

V.R.,

 Defendant-Respondent.

_______________________________

V.R.,

 Plaintiff-Respondent,

v.

K.R.,

 Defendant-Appellant.
________________________________

 Argued June 6, 2017 – Decided June 26, 2017

 Before Judges Fasciale and Gilson.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Mercer County,
 Docket Nos. FV-11-315-16 and FV-11-320-16.

 Daniella Gordon argued the cause for
 appellant.
 Jennifer Zoschak argued the cause for
 respondent (Oswald & Zoschak, P.C., attorneys;
 Ms. Zoschak, on the brief).

PER CURIAM

 In these consolidated appeals, K.R. (plaintiff) appeals from

an October 13, 2015 dismissal of a temporary restraining order

(TRO) she obtained against V.R. (defendant), and a final

restraining order (FRO) defendant obtained against her entered

pursuant to the Prevention of Domestic Violence Act (PDVA),

N.J.S.A. 2C:25-17 to -35. We reverse and remand for further

proceedings consistent with this opinion.

 In 2012, the parties had a son together, and later married

in 2014. The parties had an argument on September 4, 2015.

Plaintiff alleged that on that date, defendant had harassed her,

assaulted her, and engaged in criminal mischief. Defendant alleged

that plaintiff had harassed him and engaged in terroristic threats.

They both obtained TROs against each other.

 At the FRO hearing, the judge took testimony from the parties

and defendant's cousin. Plaintiff testified that defendant

verbally assaulted her, and then grabbed her and pushed her.

Defendant testified that plaintiff blocked him from exiting the

bathroom, threatened him with a knife, and tossed a potted plant

at him striking him in the head. The cousin testified plaintiff

admitted to her that she had thrown the plant at defendant.

 2 A-1760-15T3
 The judge entered the orders under review by primarily relying

on the testimony from the cousin. He denied plaintiff's request

for an FRO, and dismissed and vacated the TRO she obtained against

defendant. He gave no reasons for the vacation of the TRO. The

judge granted defendant's request for an FRO. The judge rendered

a short oral opinion.

 On appeal, plaintiff argues that the judge erred by failing

to (1) admit into evidence photographs and audio recordings; (2)

make sufficient findings of fact and conclusions of law; and (3)

issue the orders based on inadequate evidence.

 In a domestic violence case, we accord substantial deference

to a Family Part judge's findings, which "are binding on appeal

when supported by adequate, substantial, credible evidence."

Cesare v. Cesare, 154 N.J. 394, 412 (1998). We accord that

deference especially when much of the evidence is testimonial and

implicates credibility determinations. Ibid. We do not disturb

the judge's factual findings and legal conclusions, unless we are

"convinced that they are so manifestly unsupported by or

inconsistent with the competent, relevant and reasonably credible

evidence as to offend the interests of justice." Ibid. (quoting

Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484

(1974)).

 3 A-1760-15T3
 When determining whether to grant an FRO pursuant to the

PDVA, the judge must make two determinations. Silver v. Silver,

387 N.J. Super. 112, 125-26 (App. Div. 2006). Under the first

Silver prong, the judge "must determine whether the plaintiff has

proven, by a preponderance of the credible evidence, that one or

more of the predicate acts set forth in N.J.S.A. [2C:25-19(a)] has

occurred." Id. at 125. The parties alleged the following

predicate acts: harassment, terroristic threats, and criminal

mischief.

 A person is guilty of harassment where, "with purpose to

harass another," he or she:

 a. Makes, or causes to be made, a
 communication or communications anonymously
 or at extremely inconvenient hours, or in
 offensively coarse language, or any other
 manner likely to cause annoyance or alarm;

 b. Subjects another to striking, kicking,
 shoving, or other offensive touching, or
 threatens to do so; or

 c. Engages in any other course of alarming
 conduct or of repeatedly committed acts with
 purpose to alarm or seriously annoy such other
 person.

 [N.J.S.A. 2C:33-4(a)-(c).]

Harassment requires that the defendant act with the purpose of

harassing the victim. J.D. v. M.D.F., 207 N.J. 458, 486 (2011).

 4 A-1760-15T3
A judge may use "[c]ommon sense and experience" when determining

a defendant's intent. State v. Hoffman, 149 N.J. 564, 577 (1997).

 N.J.S.A. 2C:12-3, terroristic threats, states:

 a. A person is guilty of a crime of the third
 degree if he threatens to commit any crime of
 violence with the purpose to terrorize another
 or to cause evacuation of a building, place
 of assembly, or facility of public
 transportation, or otherwise to cause serious
 public inconvenience, or in reckless disregard
 of the risk of causing such terror or
 inconvenience. . . .

 b. A person is guilty of a crime of the third
 degree if he threatens to kill another with
 the purpose to put him in imminent fear of
 death under circumstances reasonably causing
 the victim to believe the immediacy of the
 threat and the likelihood that it will be
 carried out.

 Simple assault is committed when a person "[a]ttempts to

cause or purposely, knowingly or recklessly causes bodily injury

to another[.]" N.J.S.A. 2C:12-1(a)(1). "Bodily injury" is

"physical pain, illness or any impairment of physical

condition[.]" N.J.S.A. 2C:11-1(a).

 N.J.S.A. 2C:17-3(a)(1) provides in pertinent part that "[a]

person is guilty of criminal mischief if he . . . [p]urposely or

knowingly damages tangible property of another." The term

"'[p]roperty of another' includes property in which any person

other than the actor has an interest which the actor is not

privileged to infringe, regardless of the fact that the actor also

 5 A-1760-15T3
has an interest in the property." N.J.S.A. 2C:20-1(h). In N.T.B.

v. D.D.B., 442 N.J. Super. 205, 219 (App. Div. 2015), we held that

married parties who jointly own a home each hold "a separate and

distinct interest" in the residence. Therefore, if one party

"purposely or knowingly" damages that property, he or she has

committed the predicate act of criminal mischief. Id. at 217,

219-20.

 The judge did not make sufficient findings of fact as to

these predicate acts. He found that plaintiff assaulted defendant,

but did so in a summary fashion, which prevents our full review

of that finding. Rule 1:7-4(a) "requires specific findings of

fact and conclusions of law." Pressler & Verniero, Current N.J.

Court Rules, comment 1 on R. 1:7-4 (2017). On this record, we are

also unable to determine whether the judge found the parties

established the other alleged predicate acts.

 Under the second Silver prong, a judge must also determine

whether a restraining order is required to protect the plaintiff

from future acts or threats of violence. Silver, supra, 387 N.J.

Super. at 126-27. Under that determination, there must be a

finding that "relief is necessary to prevent further abuse." J.D.,

supra, 207 N.J. at 476 (quoting N.J.S.A. 2C:25-29(b)). It is well

established that commission of one of the predicate acts of

domestic violence set forth in N.J.S.A. 2C:25-19(a) does not, on

 6 A-1760-15T3
its own, "automatically . . . warrant the issuance of a domestic

violence [restraining] order." Corrente v. Corrente, 281 N.J.

Super. 243, 248 (App. Div. 1995). Although that determination "is

most often perfunctory and self-evident, the guiding standard is

whether a restraining order is necessary, upon an evaluation of

the factors set forth in N.J.S.A. [2C:25-29(a)(1) to -29(a)(6)],

to protect the victim from an immediate danger or to prevent

further abuse." Silver, supra, 387 N.J. Super. at 127. The judge

made no findings as to the second Silver prong.

 We would have remanded for a statement of reasons and

conclusions of law, but the evidentiary errors require a reversal

and a new FRO hearing on both TROs.

 "As a general rule, admission or exclusion of proffered

evidence is within the discretion of the trial judge whose ruling

is not disturbed unless there is a clear abuse of discretion."

Dinter v. Sears, Roebuck & Co., 252 N.J. Super. 84, 92 (App. Div.

1991). Evidence with probative value to a material issue is

relevant. N.J.R.E. 401. All relevant evidence is admissible

unless excluded by evidential rule or statute. N.J.R.E. 402.

N.J.R.E. 403 requires the balancing or weighing of probative value

against undue prejudice and places the burden on a party urging

exclusion to show that the prejudice substantially outweighs the

probative value justifying its exclusion.

 7 A-1760-15T3
 In evaluating a claim of domestic violence, the court may

consider the plaintiff's circumstances and past incidents of

abuse. Cesare, supra, 154 N.J. at 405 (citing Hoffman, supra, 149

N.J. at 585). "Although a court is not obligated to find a past

history of abuse before determining that an act of domestic

violence has been committed in a particular situation, a court

must at least consider that factor in the course of its analysis."

Id. at 402. There was no such analysis here.

 Importantly, the judge did not admit into evidence the

photographs or audio recordings offered by plaintiff. Both were

relevant. The photographs allegedly depicted plaintiff's

injuries, and plaintiff contended they were also relevant on

credibility grounds. The audio recordings purportedly proved her

allegations of assault.

 We therefore reverse the orders, remand, and direct that the

court conduct an FRO hearing anew.

 8 A-1760-15T3